## No. 21904.

### A. L. CAPPS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(426 P.2d 189)

Decided April 10, 1967.    Rehearing denied May 1, 1967.

JOHN L. KANE, JR., Public Defender, PHILIP F. ROAN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT C. MILLER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THE defendant was found guilty of aggravated robbery upon trial by jury and was sentenced to a term of not less than five years nor more than eight years in the penitentiary. Prior to trial, defendant's motion for detention of property and to suppress evidence was denied by the court after an evidentiary hearing. This writ of error is directed to the court's denial of this motion. As grounds for reversal, the defendant states that the search and seizure was unlawful and in violation of the defendant's constitutional rights in that the police, without a search warrant, entered the defendant's motel room,

conducted a search which revealed a knife, a shirt, and $103 hidden under the sink in the motel room, and that the search and seizure was neither incident to arrest nor had the defendant voluntarily given his consent for such search.

A summary of the evidence relating to the issues of this case is as follows:

At approximately 4:00 P.M. on June 1, 1964, a man later identified as the defendant entered the Derby Supermarket in Commerce City, Colorado, and while pressing a knife to the side of a clerk demanded and got the contents of the cash register. Defendant, with money and knife in the same hand and covered by a shirt he was carrying, backed out of the door. Witnesses observed the defendant, after he left the market, go to a motel unit about 1½ blocks distant. The police were notified, and at approximately 4:15 P.M. the same day two officers knocked at the defendant's motel room door. He opened the door and was asked questions regarding his whereabouts at approximately 4:00 P.M. that day. The defendant told them he had been in his room all day. One of the police officers related to the defendant that they were investigating the robbery of a grocery store in the vicinity and asked defendant to come with them to the grocery store. The defendant accompanied them and at the grocery store, while the defendant was inside the police car, he was identified as the robber by the grocery clerk. At this time, defendant was placed under arrest and handcuffed.

The police officers then drove the defendant back to the motel and during the ride one of the officers stated to defendant that he was under arrest for armed robbery and asked defendant if "it would be all right if we (the police) looked in his motel unit?" The police officer testified that the defendant answered, "that would be fine with him, because he didn't know a thing about it." Upon arriving at the motel, the defendant was again asked to consent to a search of his motel room by

the chief of the Commerce City Police Department. The Chief asked the defendant if he objected to a search of his apartment, and the defendant answered, "No."

The trial court in denying defendant's motion for detention of property and to suppress evidence found from the evidence presented that (1) defendant had voluntarily consented to the search, and (2) that the search was incident to defendant's arrest.

The controlling issue on this writ of error is whether the defendant voluntarily gave his consent for the search of his motel room, and therefore in view of the disposition we herein make on this issue, we deem it unnecessary to decide whether the search was incident to arrest.

▇ When an accused consents to a search of his premises, he waives the Fourth Amendment protection which prohibits unreasonable searches and seizures. *Smuk v. People*, 72 Colo. 97, 209 Pac. 636; *Williams v. People*, 136 Colo. 164, 315 P.2d 189; *People v. Harris*, 34 Ill. 2d 282, 215 N.E.2d 214, *cert. denied*, 384 U.S. 993, 86 S. Ct. 1900, 16 L.Ed.2d 1009 (1966).

▇ It is well-settled that such consent must be voluntary; this means that it must be intelligently and freely given. If there is coercion or duress in the obtaining of the consent, or if the facts and circumstances surrounding the giving of the consent are such as to indicate the unlikelihood of voluntary consent, such consent will be held to be involuntary and therefore unlawful. See 9 A.L.R. 3d 858, where, under the heading "Validity of Consent to Search Given by One in Custody of Officers," there is an extensive discussion of this issue.

▇ The defendant argues that, although there was acquiescence to a search, nevertheless the facts and circumstances prevailing at the time make it involuntary and not an intelligent and intentional waiver of the defendant's constitutional right. At the time of the consent, the defendant was under arrest, was handcuffed, was in the custody of several police officers, and there-

fore, as argued on behalf of defendant, the consent was a mere submission to the authority of law enforcement officers and not an intelligent waiver of a constitutional right. There is some authority in support of this contention, however, we prefer to follow the rule in *Shultz v. United States*, 351 F.2d 287 (10th Cir.), wherein the court applied objective tests and stated that the determination of the voluntariness of the consent must be tested by the totality of the circumstances surrounding the purported waiver of a constitutional right. See also *United States v. Burgos*, 269 F.2d 763 (2nd Cir.); *United States v. Adelman*, 107 F.2d 497 (2nd Cir.).

█ It is our view that all the evidence, including the various circumstances of the giving of the consent, must be objectively viewed with diligent care by the trial court, and if the court finds no evidence showing coercion or duress, it is proper to hold that the consent was voluntary and was a knowledgeable waiver of the defendant's constitutional right.

In *McGraw v. The People*, 154 Colo. 368, 390 P.2d 819, it was held that "permission to make this search having been expressly granted and the record being devoid of any evidence of coercion or duress, it follows that there was no unlawful search."

█ The evidence in this case, as shown from the record before us, reveals that the defendant on two separate occasions gave his consent to search his motel room to two different officers. Although at the times of consent he was under arrest, handcuffed, and claiming innocence, nevertheless the totality of all the facts and circumstances does not create a situation where it must be said as a matter of law that the defendant's consent was involuntary.

██ The trial judge, having the advantage of seeing and hearing the witnesses and being able to evaluate their credibility, is in the best position to weigh the significance of the pertinent facts involved and determine whether, under the totality of all the facts and

circumstances, the defendant voluntarily consented to this search. The record amply supports the trial judge's ruling on the defendant's motion for detention of property and suppression of evidence.

Judgment affirmed.