No. 24859.

THE PEOPLE OF THE STATE OF COLORADO *v.* JERENIAH REYES, ALSO KNOWN AS JEREMIAH REYES, ALSO KNOWN AS JERRY REYES.

(477 P.2d 790)

Decided December 14, 1970.

CARL PARLAPIANO, District Attorney, CECIL TURNER, Chief Deputy, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, R. D. JORGENSEN, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS is an interlocutory appeal from an order denying the motion to suppress certain evidentiary items recovered by the police from an automobile pursuant to a consent search. C.A.R. 4.1.

Reyes, the defendant-appellant, is charged with forcible rape. At the time of the alleged offense, he was 17 years of age. The searched automobile was owned by the defendant's father.

The trial court conducted an evidentiary hearing on the motion to suppress, took the matter under advisement and thereafter entered an order denying the motion. The court made no findings of fact.

As grounds for his motion to suppress, the de-

fendant states "* * * that such evidence was seized without benefit of a warrant and in violation of the defendant's rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution." From the testimony at the evidentiary hearing it appears that the principal issue presented to the court was whether the consent to search was voluntary. "Voluntary" means that the consent is intelligently and freely given. Whether or not the consent which was given in a particular case is voluntary is a question to be determined, in the first instance, by the court from the totality of the circumstances in each case. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; *Capps v. People,* 162 Colo. 323, 426 P.2d 189; *Petty v. People,* 167 Colo. 240, 447 P.2d 217; *Phillips v. People,* 170 Colo. 520, 462 P.2d 594.

■ This court in *Compton v. People,* 166 Colo. 419, 444 P.2d 263, held that the duty was on the trial court to resolve the issue of voluntariness by making a specific finding as to whether such consent was voluntary. The same rationale applies to the situation in this case.

■ Before this court can pass upon the ruling of the trial court it must have the benefit of the trial court's findings. The trial court is required to determine the factual issues presented by the motion to suppress. Sufficient guidance can be gleaned from *Compton, Petty, Phillips and Capps, supra,* to enable the trial court to fulfill its responsibilities in the premises.

The cause is remanded for such further proceedings as are necessary to carry out the views expressed herein.