No. 24988.

PEOPLE OF THE STATE OF COLORADO *v.* EDGAR A. WILLIAMS.
(480 P.2d 563)

Decided February 8, 1971.

DAVID L. WOOD, District Attorney, L. DUANE WOODARD, Deputy, for plaintiff-appellee.

ROLLIE ROGERS, State Public Defender, DON L. NELSON, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS is an interlocutory appeal from a denial of a motion to suppress evidence. We affirm.

The parties have argued at some length the contentions of the defendant that under the circumstances a search warrant was required and that, in the absence of a search warrant, this was not a search incident to a lawful arrest. We need not give attention to these arguments, as the trial court determined that the defendant consented to the search and we find that competent evidence supported the conclusion. Two officers testified that in advance of the search they asked the defendant if they might search his automobile and that the defendant consented. One of the officers testified that he told the defendant that he could refuse permission to search.

The testimony of the defendant was that he merely permitted them to "look" in the car and that he did not consent to them looking in the glove compartment, where the officers found some "hashish," a narcotic drug.

In making its ruling with respect to consent, the trial court followed *Capps v. People*, 162 Colo. 323, 426 P.2d 189 (1967). The court found that the defendant consented to the search and that under the totality of all the circumstances he acted intelligently, knowing that he did not have to let them search his car, and that he freely let them do so.

The court, in effect, found that the true version of the matter was given by the police officers. Our study of the record discloses that there was ample testimony to support the court's findings and that the case falls within the ambit of *Capps* and *Phillips v. People*, 170 Colo. 520, 462 P.2d 594 (1969).

Ruling affirmed.