No. 25101.

THE PEOPLE OF THE STATE OF COLORADO *v.* JERENIAH REYES,
ALSO KNOWN AS JEREMIAH REYES, ALSO KNOWN AS
JERRY REYES.
(483 P.2d 1342)

Decided April 26, 1971.

Carl Parlapiano, District Attorney, Cecil Turner, Chief Deputy, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, R. D. Jorgensen, Deputy, for defendant-appellant.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

This is a sequel to *People v. Reyes,* 173 Colo. 301, 477 P.2d 790. The defendant is appealing an order denying his motion to suppress certain evidentiary items recov-

ered by the police pursuant to a consent search.

The trial judge conducted an evidentiary hearing on the motion to suppress, took the matter under advisement, and thereafter entered an order denying the motion. However, the judge made no findings of fact upon which to base his ruling. Consequently, we remanded the cause to the trial court to determine the factual issues presented by the motion.

Upon remand, a different judge, in order to be able to weigh the testimony of the witnesses, conducted a new hearing rather than rely on the transcript of the first hearing. The same two witnesses who testified in the original hearing again testified. Upon the conclusion of the hearing, the second judge made extensive and comprehensive findings of fact and entered an order denying the motion to suppress. We affirm that ruling.

The items in question were recovered by the police from an automobile owned by Julian Reyes, defendant's father, which had been used by the defendant on the night of the alleged commission of the rape with which the defendant is charged.

The defendant alleges error on the part of the trial court in denying his motion to suppress in three particulars:

1. Consent obtained by police for a search is not valid when obtained under color of law;

2. The consent of a juvenile to a search is invalid under Colorado Children's Code and the dictates of due process; and

3. The co-consent of a parent to a search is not valid where the parent did not understand the nature of the consent he gave and the possible consequences to his child's welfare.

We have reviewed the proceedings with full recognition of the requirement that the People must prove that consent was given; that there was no duress or coercion, expressed or implied; and that the consent was unequivocal and specific and freely and intelligently

given. We recognize that the courts indulge every reasonable presumption against the waiver of fundamental constitutional rights, and this is especially true where as here the defendant is under arrest. *Villano v. United States*, 310 F.2d 680 (10th Cir.); *United States v. Page*, 302 F.2d 81 (9th Cir.).

I.

The first assignment of error is based upon the fact that a police officer advised the father and the defendant that a search warrant could be obtained if the defendant's father did not sign the consent form. In other words, it is contended that the representation constituted coercion.

The trial court made comprehensive findings of fact. Although these are pertinent to the three assignments of error, they are set forth in full here. The court found that,

". . . when the defendant was arrested he was taken to the juvenile quarters of the Pueblo Police Department and that before he was questioned or asked for permission to have his car searched his father and mother were brought to the station, and in the presence of his father and mother Exhibits A and B were read and explained to the defendant, a seventeen-year-old young man who lacked only about a month of being eighteen years of age, and to his father and mother. One of the exhibits was translated in Spanish so that the mother could understand it; the other was not. It appears that the father is able to understand English although he has difficulty with some words.

"The court specifically finds beyond a reasonable doubt that the defendant, in the presence of his father and mother, was told that he could have an attorney to represent him if he wished to have one before he answered any questions and before he gave consent for the search of his father's automobile which he had been driving. The court further specifically finds beyond a reasonable doubt that the defendant was told, and so was his father,

that if any evidence was found in the automobile it could be used against him; that the defendant was told of the crime with which he was charged before he was questioned; that he was told he had a right not to have a search of the automobile made even though in that case it might be that a court would be asked to issue a search warrant; that he did understand what was told him and so did the father; that the defendant and his father both voluntarily consented that the automobile, which the young man had been using and which belonged to the father, could be searched; that this consent was freely and intelligently given; and also that the defendant consented to make a statement and his consent to this was freely and intelligently given."

The two exhibits mentioned in the court's findings were the advisement form which we have examined and found to be in compliance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and a consent to search form which was signed by the defendant and his father.

■ The determination of the voluntariness of a consent to search is measured by the totality of the circumstances surrounding the purported waiver. *Phillips v. People,* 170 Colo. 520, 462 P.2d 594; *Capps v. People,* 162 Colo. 323, 426 P.2d 189; *Shultz v. United States,* 351 F.2d 287 (10th Cir.). This is true regardless of the basis for the challenge, including the one alleged here.

■ The court found that the consent was "freely and intelligently" given. The record supports the finding.

II.

■■ The same test is applicable to the validity of the search whether the consenting party is an adult or a juvenile, with the one exception noted in the Children's Code. 1967 Perm. Supp., C.R.S. 1963, 22-2-2(3)(c). That is, a parent, guardian, or legal custodian of the child must be present, and freely and intelligently give his consent. Although the cited statute refers specifically to *statements and admissions,* and requires that the inter-

rogating officer afford both the juvenile and his parent, guardian or legal custodian full Fifth Amendment protection, we recognize that the juvenile is entitled to comparable protection in connection with the waiver of his Fourth Amendment rights.

Applying that test here, the trial court found that the defendant and his father knowingly and voluntarily consented to the search.

### III.

■ The last assignment of error is closely related to the first two. In effect, counsel contend that the parent did not understand the nature of the consent and its possible consequences to his child's welfare, thus invalidating the consent.

The assumption that the father did not understand what he was doing or the consequences of his consent is contrary to the specific findings of the trial court (set out under I). The trial court saw, heard and observed the father when he testified. This court is not as able to make the determination of the father's comprehension as the trial judge, nor do we regard that as within the realm of our responsibility. We have reviewed the record and there is sufficient evidence to support the finding of the trial court in this respect. *Phillips* and *Capps, supra.*

The ruling of the trial court is affirmed.