Opinion by
Francis F. Shallenberger, District Judge.*
The defendant, John M. Black, Jr., plaintiff in error and defendant below, will be referred to herein as defendant.
On trial in the District Court for the County of Boulder on September 14, 1965, the defendant was convicted of the crime of burglary and sentenced to the State Penitentiary. Subsequent proceedings are reviewed in Black v. People, 166 Colo. 358, 443 P.2d 732 (1969).
On remand to the District Court an evidentiary hearing was held on November 1, 1968. The end result was an order of the trial court enabling the defendant to proceed on writ of error. Present counsel for the defendant did not represent him at the trial.
In summary, the evidence discloses that one Lebsack, a police officer for the City of Longmont on routine patrol about 11:30 p.m., on December 2, 1964, noticed a car in the parking lot of a factory in an industrial area of town. The car had not been there on two previous trips the officer had made past the plant. The officer stopped to investigate. There was a light over the door and lights were on in an office. At this juncture, he saw a man carrying a typewriter exit from the door and walk approximately forty or fifty feet toward the car. On a call from the officer, the typewriter was dropped and the suspect ran. The officer called for assistance and remained at the scene. He felt the hood of the car and found it to be warm. The suspect was not apprehended at that time. The car was removed to a storage lot. Officer Hebrew testified that on the following day from the outside through the windshield he could see a slip of paper below the inspection sticker with “John M. Black, Room 301” written thereon. A license check revealed the car to be registered to one John Dyer. On *412 December 4, 1964, four pictures of associates of Dyer were shown to Officer Lebsack. He identified a picture of the defendant as the man he had seen at the factory.
The defendant was arrested in August 1965, and was at that time identified in a four man lineup by Officer Lebsack. The defendant also was identified by Officer Lebsack in the courtroom. After his arrest the defendant stated to Officer Hebrew that he was buying the car and had loaned it to two persons on the night of the burglary but declined to name these people. The slip of paper was not removed from the car until after the defendant’s arrest.
Following an in camera hearing the trial court, for reasons not stated, did not admit the slip of paper, but did permit the officer, on the basis of the so-called open view or plain sight rule, to testify as to what he had seen through the windshield. This ruling is urged as error.
The defendant also complains of the identification, contending the mug shot and the lineup procedure were impermissibly suggestive.
No point would be served in reviewing the evidence in greater detail. It appears, under the circumstances, the officers acted properly in removing the car to a secure place. The writing on the slip of paper was in plain view. As to the identification, the record does not reveal the circumstances to have been so unnecessarily suggestive and conducive to irreparable mistaken identity as to deny the defendant due process of law. Phillips v. People, 170 Colo. 520, 462 P.2d 594.
The judgment of the trial court is affirmed.
Mr. Justice Groves, Mr. Justice Erickson and Saul Pinchick, District Judge,* concur.

District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.