No. 26603

The People of the State of Colorado v.
Ronald D. Benner and George Washington Donahou
(530 P.2d 964)

Decided January 20, 1975.

Stuart A. Van Meveren, District Attorney, Loren B. Schall, Assistant, Francis H. Oldham, Deputy, for plaintiff-appellant.

Calvert & Calvert, David R. Calvert, for defendant-appellee Ronald D. Benner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Bryan D. Shaha, Deputy, for defendant-appellee George Washington Donahou.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

On this interlocutory appeal, the People contend that the trial judge erred in granting the defendants' motion to suppress evidence. We agree with this contention and therefore reverse the trial court's ruling.

Defendants stopped at a check station maintained by game and fish officers in Poudre Canyon, Larimer County. One of the

officers asked the defendants if they had been fishing, and defendant Donahou replied that they had. The officer asked if he could look in the rear of the car, and defendant Donahou opened the trunk. Defendant Donahou indicated that they had eaten all the fish they had caught and had none left.

The officer observed plastic trash bags in the trunk, felt them, and asked what they contained. He was told that they contained "sticks and stuff." The officer asked if he could look inside the trash bags and defendant Donahou said "go ahead." Inside one of these trash bags was a number of small plastic bags which appeared to contain marijuana. The officer also recognized the odor of marijuana. The defendants were detained while the sheriff's office was called and an investigator was dispatched to assist the game and fish officers.

The investigator advised the defendants of their rights, including their right not to have the automobile searched. Both defendants gave written permission for the search. The investigator observed the substance in the small plastic bags and determined that it was marijuana.

After a hearing on the defendants' motion to suppress, the trial judge ordered the marijuana suppressed as evidence because the game and fish officer had no probable cause to detain these defendants.

■ The establishment of the check station for game and fish violations, and the temporary detention of defendants' vehicle to inspect for game and fish violations is authorized by statute. 1969 Perm. Supp., C.R.S. 1963, 62-12-2. Accordingly, the original stop of defendants' vehicle was valid. *Cf. People v. Andrews,* 173 Colo. 510, 484 P.2d 1207 (1971).

■ The defendants gave permission to the game and fish officer to search the trunk of the automobile, and to look inside the trash bag contained in the trunk of the automobile. This consent waives any objections against the search and seizure. *Blincoe v. People,* 178 Colo. 34, 494 P.2d 1285 (1972); *Wion v. Willingham,* 252 F. Supp. 306 (D. Colo. 1965). The record is completely devoid of any evidence that the consent was not voluntary. *Capps v. People,* 162 Colo. 323, 426 P.2d 189 (1967).

■ The crucial issue involved in this case is whether the deten-

tion subsequent to this search was justifiable under the Fourth Amendment. The game and fish officer testified that he could smell the odor of marijuana and saw what appeared to be marijuana. The defendants contend that this detention violates their Fourth Amendment rights.

At the time the game and fish officer observed marijuana and smelled the ordor of marijuana, the probable cause requirements of the Fourth Amendment were satisfied. When the game and fish officer told the defendants to "just wait here," the arrest of the defendants was complete. *People v. Olguin,* 187 Colo. 34, 528 P.2d 234 (1974). The subsequent search by an investigator from the sheriff's office was with the full written consent of the defendants. Accordingly, it cannot be challenged.

The ruling is reversed.