MR. JUSTICE LEE
delivered the opinion of the Court.
This is an interlocutory appeal from a ruling of Jefferson County District Court granting the defendant’s motion to suppress an in-court identification. We affirm the trial court’s ruling.
The defendant was arrested on December 7, 1976, and charged with first-degree sexual assault. Section 18-3-402, C.R.S. 1973 (1976 Supp.). The record shows that the victim had not been able to see her assailant at the time of the crime because of darkness, but she thought that she could identify his voice. The defendant appeared at a lineup with four other men and the victim was unable to visually identify anyone. However, after each man in the lineup spoke three sentences into the microphone, she thought that two of the five had voices similar to that of the man who attacked her. Between these two, one of whom was the defendant, she said: “I could not make up my mind.”
The motion granted by the trial court was to suppress any in-court identification of the defendant by the victim. The briefs and record before us show that the prosecution intended to have the victim make an in-court visual identification based upon her observation of the defendant at the pretrial voice identification lineup.
At the hearing of the suppression motion, the victim stated that because of the darkness at the time of the attack she did not observe the features of the man who had attacked her. She also candidly stated that she could not visually identify the defendant as one of the men whose voices and features she observed at the voice lineup. She did remember the defendant from seeing him at a preliminary hearing, but not from any recognition of him as the man who attacked her. She assumed that he had been brought to the preliminary hearing because he was one of the men whose voices were similar to that of her attacker.
The issue before us is whether the victim’s in-court visual identification of the defendant in these circumstances would deny him his right to substantive due process. Colo. Const. Art., II, Sec. 25; U.S. Const., amend. XIV. The district attorney argues that since the pretrial voice lineup was not “unnecessarily suggestive,” the in-court identification should not be suppressed. Alternatively, he argues that even if the voice lineup was impermissibly suggestive, the in-court identification had an “independent basis” for its admission. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed. 2d 401; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. These arguments have no relevance in view of the uncontroverted evidence of the victim that she could not identify her *188 attacker, either visually or by voice.
We conclude that the court was justified, if not compelled, to exclude the in-court visual identification. Clearly, if the victim had positively identified one voice at the pretrial voice lineup and visually remembered the defendant from the lineup as the man with that voice, then she could have identified him at trial as the man who attacked her. But that is not the case here. The victim identified two voices at the pretrial lineup. Further, she was unable to remember whether the defendant had one of those voices. The trial court properly ruled that she had no basis, either from the crime or the lineup, to make an in-court visual identification of the defendant. To allow such an unreliable and insupportable in-court identification as exists in this case would violate defendant’s right to substantive due process.
We note that the trial court only suppressed an in-court visual identification by the victim, as requested in the- motion to suppress. Evidence of the pretrial voice identification may still be admitted if the prosecution feels that it will bolster the People’s case.
Appellant also argues that the trial court did not sufficiently delineate its findings of fact in support of the suppression order. Fact findings are required when a trial court rules on a suppression motion. People v. Hoinville, 191 Colo. 357, 553 P.2d 777; People,v. Reyes, 173 Colo. 301, 477 P.2d 790. The court expressly found that the victim was unable to choose which of two voices was that of her assailant, and therefore concluded that the in-court identification would be improper. We consider this finding to be sufficient under the undisputed facts in the record.
The ruling is affirmed.
MR. JUSTICE KELLEY does not participate.