No. 28335

The People of the State of Colorado v. Alfred Madson

(586 P.2d 1338)

Decided December 4, 1978.

Stephan A. Tisdel, District Attorney, for plaintiff-appellant.

Alpert & Teichman, J. Bruce Teichman, Sheldon Emeson, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an interlocutory appeal brought by the People, seeking the reversal of an order of the Otero County District Court granting defendant's motion to suppress a blood-stained shoe. We reverse.

On December 26, 1977, a murder victim, shot in the left side of the head, was found in the passenger seat of her automobile. Shortly after the discovery of the body, the police went to the defendant's apartment. The defendant signed a consent form allowing the police to search his apartment and automobile. The police then advised the defendant of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R. 3d 974.

Following a fruitless search, defendant voluntarily accompanied the police to the sheriff's office where he was fingerprinted. After the fingerprinting, defendant voluntarily accompanied the police to the police station for questioning regarding the murder. At no time was defendant under arrest.

At the police station, defendant told the interrogating officer that the shoes he then was wearing were the same shoes he was wearing the night of the murder. The trial court found that defendant voluntarily handed his shoes to the officer for examination. After a close inspection of the shoes, the officer commented that it looked like there was blood on one of the shoes, to which defendant replied, "If you say that is blood on my shoe, it is blood on my shoe." The officer kept the shoes, whereupon defendant requested an attorney. Questioning ceased and defendant was driven home by the police. He was arrested for the murder several days later.

Although the trial court found that defendant had voluntarily given his shoes to the police, it suppressed the blood-stained shoe because defendant had not consented to the seizure. The trial court held that defendant had no choice but to leave his shoes with the police. It reasoned that the police should have advised defendant "that if he wished to take the shoes back with him to his home, he would be permitted to do so, and that he need not leave the shoes with the officers against his will." The court misapprehended the law.

Defendant voluntarily consented to a search of his shoes. This consent waives any objections against the search or the seizure. *People v. Benner,* 187 Colo. 309, 530 P.2d 964; *People v. Sanchez,* 184 Colo. 25, 518 P.2d 818; *Capps v. People,* 162 Colo. 323, 426 P.2d 189.

Once the police saw the blood, they were not required to close their eyes to the incriminating evidence. *People v. Billington,* 191 Colo. 323, 552 P.2d 500; *People v. Renfrow,* 172 Colo. 399, 473 P.2d 957. Nor were they required to return the evidence, anymore than they would have been required to return contraband, fruits of a crime, or an instrumentality of a crime. *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 783.

The ruling is reversed.