Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 29, 2018

**2018 CO 45**

**No. 15SC630, <u>People v. Delage</u> — Searches and Seizures — Consent — Voluntariness**

In this case, the supreme court considers whether the voluntariness of consent to a search in Colorado must be proven by "clear and convincing evidence" or by "a preponderance of the evidence."  The court holds that the People must prove by a preponderance of the evidence that a search was consented to voluntarily in order to overcome a motion to suppress evidence obtained in that search.

# The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 45

**Supreme Court Case No. 15SC630**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 12CA1936

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

Thomas B. Delage.

## Judgment Reversed
*en banc*
May 29, 2018

**Attorneys for Petitioner:**
Beth McCann, District Attorney, Second Judicial District
Mitchell R. Morrissey, District Attorney, Second Judicial District
Robert J. Whitley, Chief Appellate Deputy District Attorney
Victoria M. Cisneros, Deputy District Attorney
  *Denver, Colorado*

**Attorneys for Respondent:**
Douglas K. Wilson, Public Defender
Lynn Noesner, Deputy Public Defender
  *Denver, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.
**JUSTICE GABRIEL** does not participate.

¶1 This case presents us the opportunity to clarify whether the voluntariness of consent to a search in Colorado must be proven by "clear and convincing evidence" or by "a preponderance of the evidence."[1] Under federal law, the answer is clear, as the United States Supreme Court explained more than forty years ago that voluntariness need only be shown by a preponderance of the evidence. We hold today that in Colorado courts the same standard applies and that the People must prove by a preponderance of the evidence that a search was consented to voluntarily in order to overcome a motion to suppress evidence obtained in that search.

**I.**

¶2 Thomas B. Delage was stopped by police when they spotted him and a companion at 3 a.m. in an alleyway that had been the scene of recent thefts from cars. Both men were carrying backpacks and flashlights and they were standing next to several parked cars. During the ensuing interaction between Delage and the officers, the police searched Delage's backpack and found methamphetamines. At a hearing about the admissibility of the drugs, Delage and the officers involved gave differing accounts of the details and duration of the stop. Among other differences, the officers

---

[1] We granted certiorari on a single issue:

1. Whether this court should continue to hold the People to the unduly high standard of proving by "clear and convincing evidence" that a defendant's consent to search was voluntary, when the Colorado Supreme Court case credited for requiring this standard does not stand for that proposition, and the United States Supreme Court espouses that "preponderance of the evidence" should be the controlling standard for suppression hearings.

alleged that Delage twice gave consent to the search of his backpack while Delage denied having done so at all.

¶3     Applying a preponderance-of-the-evidence standard, the trial court found that "it is probably more likely true than not there was consent under the circumstances given." On that basis, the trial court denied Delage's motion to suppress the methamphetamines. The court of appeals agreed with the trial court's assessment that Delage had given consent, but the panel noted that the court had not considered whether Delage's consent was voluntary. Because consent must be voluntary to be valid, the court of appeals vacated Delage's conviction and remanded, instructing the trial court to consider whether the People had proven by "clear and convincing evidence" that Delage's consent was voluntary. The People petitioned for certiorari, asking us to clarify whether "clear and convincing evidence" of voluntariness was required or whether a "preponderance of the evidence" is instead the proper standard for the voluntariness inquiry. We granted the petition.

## II.

¶4     As a threshold matter, we agree with the division below that the issue of voluntariness must be considered separate and apart from whether consent to a search was given. We disagree, however, that the applicable standard for proving that consent was voluntarily given is "clear and convincing evidence." Instead, in the face of a motion to suppress evidence obtained through a consented-to search, the prosecution must prove by a preponderance of the evidence that consent to the search was given voluntarily.

3

¶5     The proper burden of proof is a question of law that we review de novo. McCallum Family L.L.C. v. Winger, 221 P.3d 69, 72 (Colo. App. 2009).

¶6     Both the federal and state constitutions prohibit unreasonable searches. See U.S. Const. amend. IV; Colo. Const. art. II, § 7. When the government has conducted an unreasonable search, the evidence obtained through that search may be suppressed and therefore not admitted at trial. See People v. Morley, 4 P.3d 1078, 1080 (Colo. 2000) (defining "the exclusionary rule" as a "judicially created remedy . . . [that] operates to suppress evidence obtained in violation of the Fourth Amendment [of the U.S. constitution] and article II, section 7 of the Colorado Constitution") (citing People v. Burola, 848 P.2d 958, 960–61 (Colo. 1993)).

¶7     If an individual voluntarily consents to a search, that search is reasonable, and suppression of any evidence obtained is not warranted. See Schneckloth v. Bustamonte, 412 U.S. 218, 243 (1973); People v. Licea, 918 P.2d 1109, 1112 (Colo. 1996). The United States Supreme Court held several decades ago that the burden of proof for Fourth Amendment suppression issues—including, but not limited to, the voluntariness of consent to a search—is proof by a preponderance of the evidence. See United States v. Matlock, 415 U.S. 164, 177 n.14 (1974) ("[T]he controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence."). See also Bourjaily v. United States, 483 U.S. 171, 175–76 (1987).

¶8     At the same time, the Supreme Court has been clear that "States are free, pursuant to their own law, to adopt a higher standard." Lego v. Twomey, 404 U.S. 477, 489 (1972). Thus, we could conclude that Colorado law provides stronger protections

4

against unreasonable searches, and, therefore, that the People should be required to prove more to avoid the suppression of evidence. We decline, however, to do so.

¶9 Requiring the People to prove voluntariness by a preponderance of the evidence in this context makes sense for a number of reasons. First, we have required trial courts to apply the preponderance standard in evaluating the very similar question of the voluntariness of a confession. People v. Valdez, 969 P.2d 208, 210 (Colo. 1998). We have also adopted that "standard as the controlling norm for determining preliminary questions relating to admissibility." People v. Garner, 806 P.2d 366, 370 (Colo. 1991); People v. Montoya, 753 P.2d 729, 733 (Colo. 1988); People v. Romero, 745 P.2d 1003, 1016 (Colo. 1987). We see no justification for applying a different standard in this subset of admissibility determinations. Second, we see no compelling justification for adopting a different standard than that applied under federal law to guarantee the protections of the Fourth Amendment.

¶10 It is understandable that the court of appeals directed the trial court to apply the clear and convincing evidence standard in this case. This court has not analyzed the merits of imposing a higher burden of proof in our own consent-to-search cases than is required in federal court before today, but language in several of our earlier opinions and those from the court of appeals did suggest that a stricter standard applied. Examining these earlier cases, it appears that the genesis of the confusion was a 1977 court of appeals' decision that incorrectly cited our opinion in People v. Hancock, 525 P.2d 435, 437 (Colo. 1974), for the proposition that proof of voluntariness of consent must be shown by clear and convincing evidence. See People v. Trujillo, 576 P.2d 179,

5

181 (Colo. App. 1977). Contrary to the court of appeals' suggestion in <u>Trujillo</u>, we did not adopt a clear-and-convincing-evidence standard (or any standard) in <u>Hancock</u>. Neither have we done so since. Unfortunately, however, <u>Trujillo</u>'s assertion that we did was repeated, and was never squarely challenged over the years.[2] Until now. Correcting that error here, we hold that the proper burden for proving the voluntariness of a consent to search is proof by a preponderance of the evidence—not proof by clear and convincing evidence.

## III.

¶11 Because we conclude that the voluntariness of a consent to search must be proven by a preponderance of the evidence, we remand the case for further proceedings consistent with this opinion. On remand, we direct the trial court to re-evaluate the voluntariness of Delage's consent to search, applying this standard.

**JUSTICE GABRIEL** does not participate.

---

[2] In <u>People v. Magallanes-Aragon</u>, because the prosecution conceded that the trial court's voluntariness determination would likely have been the same under either burden of proof, we did not address the People's contention that the preponderance-of-the-evidence standard should apply to consensual searches. 948 P.2d 528, 530, 530 n.5 (Colo. 1997). Later, in <u>People v. Chavez-Barragan</u>, we again declined to address whether the People's showing of voluntariness by a preponderance of the evidence would suffice to defeat a defendant's suppression motion because we concluded that the People had met the more onerous burden. 2016 CO 66, ¶ 36, 379 P.3d 330, 338, 338 n.5.