UNITED STATES of America, Plaintiff-Appellee,

v.

L. J. LUTON, Defendant-Appellant.

No. 73-2585

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 21, 1973.

Rehearing Denied Jan. 24, 1974.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

James T. Bridges, Belzoni, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Will R. Ford, Asst. U. S. Attys., Oxford, Miss., for plaintiff-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

BELL, Circuit Judge:

Appellant was convicted on a one-count indictment for possession of an unregistered firearm in violation of 26 U.S.C.A. § 5861(d). The weapon was discovered in the trunk of appellant's car during a search following appellant's arrest pursuant to an arrest warrant on state burglary charges. Appellant moved to suppress the shotgun on the grounds it was seized during an illegal search. The trial court denied this motion and, after a jury verdict of guilty, sentenced appellant to 13 months imprisonment.

Two issues are raised before this court. First, appellant claims that the government failed to prove venue, inasmuch as there was no direct proof that appellant possessed the weapon within the Northern District of Mississippi. Both venue and territorial jurisdiction of a federal district court in criminal cases depend on some part of the criminal activity having occurred within its territory. 18 U.S.C.A. §§ 3231, 3237, Rule 18, F.R.Crim.P. While the government has the burden of proof

on this question, the standard of proof is more relaxed than for other elements of a criminal prosecution. It is necessary only that the location of criminal activity be established by a preponderance of the evidence, Cauley v. United States, 5 Cir., 1966, 355 F.2d 175, and "if upon the whole evidence it may be inferred that the crime was committed where the venue was laid, that is sufficient." Weaver v. United States, 5 Cir., 1962, 298 F.2d 496, 498. The record indicates that the place where appellant was arrested, and thus where he is known to have had possession of his car and its contents, was outside the city limits of Belzoni, Mississippi. How far outside that city does not appear and appellant's position is that the record is insufficient to prove that the arrest occurred close enough to Belzoni to be within Humphreys County (the southernmost county of the Northern District of Mississippi). We do not agree. Appellant was arrested at his job by a Belzoni city policeman accompanied by a Humphreys County deputy sheriff. Further, testimony supports the inference that appellant first obtained possession of the weapon within the Belzoni city limits. We are of the opinion that the record is sufficient to support jurisdiction and venue in the Northern District of Mississippi.

 Appellant's second contention is that the unregistered shotgun was found during an illegal search. The trial court concluded that appellant consented to the search. While the testimony is conflicting, this finding is not clearly erroneous.

Appellant contends, however, that as a matter of law he could not give a valid consent if he was not first informed that he had the right to withhold consent and to require the police to obtain a search warrant upon a showing of probable cause. He seeks to distinguish Schneckloth v. Bustamonte, 1973, 412 U. S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854, on the grounds that it dealt only with consent given by an individual who was not in police custody. He contends that custody is such an inherently coercive condition that a person subject to it must be specifically informed of his rights before he can waive them. This contention is without merit in the light of United States v. Legato, 5 Cir., 1973, 480 F.2d 408, 413, and United States v. Canseco, 5 Cir., 1972, 465 F.2d 383, 385. These cases establish that in this circuit valid consent to search may be given by a person under arrest who has not been specifically informed of his Fourth Amendment rights, so long as there is no proof of coercion or intimidation and if prior to the search *Miranda warnings are given*. See Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694. The record of this case clearly establishes that appellant was not coerced or intimidated by the arresting officers. Further, the district court was not clearly erroneous in its conclusion that appellant received *Miranda* warnings before consenting to the search.

Affirmed.