**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Percy Lee CAGE, Jr., Defendant-Appellant.**

**No. 73-1593.**

United States Court of Appeals, Tenth Circuit.

April 11, 1974.

---

39. See note 7.

40. 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

41. 113 F.Supp. 137, 142 (D.C.Mass.1953).

Stephen K. Lester, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., and Thomas A. Hamill and E. Edward Johnson, Asst. U. S. Attys., on the brief), for plaintiff-appellee.

Martin L. Lipp, Boulder, Colo., for defendant-appellant.

Before BREITENSTEIN, SETH and DOYLE, Circuit Judges.

PER CURIAM.

On trial to the court without a jury, defendant-appellant was found guilty of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871.

While on a routine patrol during the early morning hours, two Kansas City police officers received by radio a pick-up order on a described automobile, the occupants of which had reportably been involved in an assault. The pick-up stated that the occupants were armed with a sawed-off shotgun and that the officers should proceed with caution. Later, and about 4:30 A.M., the officers found the described car in a parking lot. Defendant was in the driver's seat and a man and a woman were in the back seat, all apparently asleep. The officers got all three out of the car, told them of the pick-up order, and gave them the Miranda warning. One officer observed a bloody towel in the car. At the request of an officer, defendant opened the trunk. The officer saw and seized a sawed-off shotgun. Defendant was then placed under arrest for state offenses. Later defendant was questioned by an agent of the Bureau of Alcohol, Tobacco, and Firearms and told the agent that he had gotten the gun from Tommy Diggs because he wanted to go hunting. Efforts to locate Diggs proved fruitless.

One of the occupants of the car testified at the trial to an altercation between two women with whom he and the defendant were riding. One of the women was hurt. Defendant got a towel and sawed-off shotgun from the trunk, gave the towel to the injured contestant to wipe her face, tendered her the gun which she rejected, and later threw the towel on the front seat and put the shotgun back in the trunk. The two men and the other woman then drove to the parking lot where the police found them.

Defendant filed a motion to suppress both the gun and the statement to the federal agent. Hearing was deferred until the trial without a jury. The officers testified that defendant was cooperative, consented to the search, and open-

ed the trunk. Defendant said that he had driven to the parking lot to get his wife when she left work and had given her the keys so that she could drive the car to her home. He also testified that the officers had gotten the keys from his wife after a threat to arrest her. The trial court found that defendant consented to the search.

Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, recognizes the "moving vehicle" exception to the usual requirements for a search warrant. In that case the car was searched after it had been moved to the police station from the place where the officers had stopped it. The Court held that there was probable cause for both the arrest and the search, Ibid. at 47–48, 90 S.Ct. 1975, and that the probable cause factor still obtained at the police station. Ibid. at 52, 90 S.Ct. 1975. We followed Chambers in United States v. Pollard, 10 Cir., 466 F.2d 1, 4–5, but there the car search came after the arrest and here it preceded it.

■ Policemen are entitled to act on the strength of a radio bulletin. Whiteley v. Warden, 401 U.S. 560, 568, 91 S.Ct. 1031, 28 L.Ed.2d 306. In that case a search was held improper because probable cause did not exist for the issuance of the arrest warrant which furnished the basis of a radio bulletin. Whiteley says that when the impetus is an informer's tip, information gathered by the arresting officers can be used to sustain à probable cause finding not adequately supportable by the tip alone. Ibid. at 567, 91 S.Ct. 1031.

Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612, says, Ibid. at 146, 92 S.Ct. at 1923, that "A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." In the instant case the report of a street crime was carried in a radio bulletin. The response of the officers was reasonable in the light of the known facts.

Another statement in Adams v. Williams, is particularly applicable to the case at bar, Ibid. at 147, 92 S.Ct. at 1924.

"But in some situations—for example, when the victim of a street crime seeks immediate police aid and gives a description of his assailant, or when a credible informant warns of a specific impending crime—the subtleties of the hearsay rule should not thwart an appropriate police response."

■ In the instant case the patrol officers, acting on the radio bulletin, found the described car with occupants who fitted the sex and ethnic descriptions of the bulletin. The bulletin had also reported that the occupants had been engaged in an assault and had a sawed-off shotgun. The observation of the bloody towel was compatible with the report of an assault. It gave sufficient support to the radio bulletin to sustain probable cause for the search.

■ Be that as it may, the officers proceeded reasonably and asked defendant for permission to search the trunk. Although the testimony of the officers that the defendant consented, and his version of what occurred, are different, the conflict was for determination by the trier of the facts. The trial court held that consent had been given. Defendant now argues that the consent was not voluntary because he had not been told that consent could be withheld. In Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854, the Court was concerned with the consented search of a car stopped for a traffic violation. There was no warning that consent could be withheld. The Court said, Ibid. at 248–249, 93 S.Ct. at 2059:

"Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent."

When all of the factors are considered in the case before us, we are convinced

of the validity of the finding of consent. Whether the issue is approached from the probable cause standpoint or from that of consent, the search was reasonable and violated no constitutional right of the defendant.

The remaining issue relates to the statement which defendant gave to the federal agent. It is enough to say that the record sustains the trial court's finding that the statement was given voluntarily after an appropriate Miranda warning.

Affirmed.