**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Marvin TOWNSEND,
Defendant-Appellant.**

**No. 74–2606.**

United States Court of Appeals,
Ninth Circuit.

Jan. 20, 1975.

Ron Minkin, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before ELY and WALLACE, Circuit Judges, and TURRENTINE,* District Judge.

## OPINION

PER CURIAM:

Townsend appeals from his conviction for possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He questions the denial of his motion to suppress the heroin, claiming his consent, while in custody, to a search of his hotel room was not freely and voluntarily given. We affirm.

Townsend argues that his consent was coerced because he was not advised of his right to refuse to consent. While he acknowledges that the Supreme Court rejected a similar contention in Schneck-

loth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), he asserts that the holding in that case should be limited to its facts (a consent given by one not in custody) and that our earlier cases, which require such an admonition prior to an in-custody consent to search, control. See Schoepflin v. United States, 391 F.2d 390, 399 (9th Cir.), cert. denied 393 U.S. 865, 89 S.Ct. 146, 21 L.Ed.2d 133 (1968); cf. Cipres v. United States, 343 F.2d 95, 97–98 (9th Cir. 1965). He also urges us to follow the holding of the Fifth Circuit that where there is evidence of coercion, an in-custody consent to search is valid only if the defendant has been advised of his right to withhold consent. See United States v. Luton, 486 F.2d 1021, 1023 (5th Cir. 1973), cert. denied 417 U.S. 920, 94 S.Ct. 2626, 41 L.Ed.2d 225 (1974); United States v. Legato, 480 F.2d 408, 413 (5th Cir.) (alternate holding), cert. denied 414 U.S. 979, 94 S.Ct. 295, 38 L.Ed.2d 223 (1973).

We have already decided this issue adversely to Townsend. United States v. Heimforth, 493 F.2d 970, 971–972 (9th Cir. 1974); United States v. Rothman, 492 F.2d 1260, 1263–1264 (9th Cir. 1973). Whether consent was freely and voluntarily given depends upon the totality of the circumstances, even where the consent was given while in custody. Id. The fact that the defendant is in custody and lacks knowledge of his right to refuse to consent forms part of the circumstances, but it is not determinative in and of itself.

Here Townsend's arrest was based upon an out-of-state fugitive warrant which was executed after he negotiated a heroin sale with an undercover officer. Townsend asked to be taken to his hotel to retrieve valuables. The arresting officers granted his request but only on the condition that he allow them to search his room. Townsend agreed but recanted at the door to his hotel room, claiming that the room was not his and that he had no key. The agents advised him that they would honor his

* Honorable Howard B. Turrentine, United States District Judge, Southern District of California, sitting by designation.

withdrawal of consent, after which Townsend again changed his mind. The assistant manager was summoned with a key and he asked Townsend if he could unlock the door. Townsend nodded his assent.

Townsend correctly admits that he must show that this finding of consent is clearly erroneous. United States v. Page, 302 F.2d 81, 82–83, 85–86 (9th Cir. 1962) (en banc). He has failed to do so.

Affirmed.