573 P.2d 153

**STATE of Idaho, Plaintiff-Appellant,**

v.

**David Harold POST,
Defendant-Respondent.**

No. 12478.

Supreme Court of Idaho.

Jan. 4, 1978.

Wayne L. Kidwell, Atty. Gen., James F. Kile, Asst. Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Steve F. Bell of Nixon, Nixon, Lyons & Bell, Coeur d'Alene, for defendant-respondent.

BAKES, Justice.

This is a criminal case in which the state is appealing a district court order suppressing evidence seized by police officers in the course of a warrantless search of the defendant and his automobile.

While on routine patrol duty on October 8, 1976, Officer Walt Richard and Reserve Officer Kurt Celestino observed the defendant and his girl friend exiting a car in the parking lot of a tavern in Coeur d'Alene, Idaho. Officer Richard called to the defendant in order to inform him that the trunk lid of the car was open. In response to the officer's call the defendant walked back toward the police officers and stopped within two or three feet of Officer Richard. At this time Officer Richard noticed the smell of marijuana. After Officer Richard explained that the trunk lid was ajar the defendant walked over to the car and closed the trunk. Officer Richard testified that when the defendant walked away from him toward the car he could no longer detect the odor of marijuana. Officer Richard further testified that he followed the defendant to the car and when they were again in close proximity he could again smell marijuana. After thanking the officers, the defendant and his girl friend walked back across the parking lot, around a building and out of sight.

After the defendant and his friend had walked away, Officer Richard looked through the window of the defendant's car with the aid of a flashlight. He observed smoke inside the car and two handrolled cigarettes resembling the type generally used to smoke marijuana and several commercially manufactured cigarette butts in the car's ashtray.

When the defendant and his girl friend returned to the car about five minutes later, Officer Richard approached the defendant, told him that he had previously detected the odor of marijuana about him and, using a flashlight, pointed out the handrolled cigarettes in the car. Officer Richard then told the defendant that he believed marijuana was being used and that he could search the defendant and the interior of the car. The officer asked the defendant to empty his pockets. The defendant placed several miscellaneous items from his pockets on the front fender of his car. Not satisfied with all that the defendant had removed from his pockets, Officer Richard searched the defendant's pockets himself and in the right front pocket found a small plastic bag containing about a tablespoon of marijuana. Although he had not formally arrested the defendant at this time, Officer Richard testified that he would not have permitted the defendant to leave had the defendant attempted to do so.

Officer Richard testified that he then asked the defendant to unlock his car, which the defendant did. The defendant testified that Officer Richard "asked permission to enter my car and search my car, and at that time I asked him for a search warrant and he said he could get one anyway, so he entered my car." After the defendant unlocked the car door, Officer Richard entered the car and retrieved the two handrolled cigarettes. He then searched the interior of the car checking the seats, the floor and the glove box. Behind the passenger seat the officer found a large brown paper sack with the top crimped down. Inside the sack he found fourteen plastic bags, each containing about ½ ounce of marijuana. The defendant was then formally arrested for posses-

sion of marijuana and taken to the Coeur d'Alene police station where he was advised of his *Miranda* rights.

The defendant was later charged with the unlawful possession of more than three ounces of marijuana in violation of I.C. § 37–2732(e). The defendant moved to suppress all the evidence seized in the search of his person and his car. At the close of the suppression hearing the district court found that the defendant had not voluntarily consented to the searches and that the warrantless searches did not satisfy any of the other exceptions to the warrant requirement. Accordingly, the district court ordered that the marijuana seized from the defendant's person and his car be suppressed.

There are two separate searches involved in this case—a search of the defendant's person which resulted in the seizure of the small plastic bag containing about a tablespoon of marijuana, and a search of the car which resulted in the seizure of the sack containing fourteen bags of marijuana and the two handrolled cigarette butts. The order of the district court suppressed the evidence obtained in both searches.

■ Neither search was made pursuant to a warrant and therefore both are *per se* unreasonable unless falling within one or more of the specific and well delineated exceptions to the general warrant requirement of the Fourth Amendment to the United States Constitution and Art. 1, § 17, of the Idaho Constitution. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *State v. Harwood,* 94 Idaho 615, 495 P.2d 160 (1972); *see also United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).

■ The state argues that both searches were conducted with the voluntary consent of the defendant and therefore fall within that exception to the warrant requirement. Although a warrantless search conducted pursuant to a valid consent is constitutionally permissible, the consent

must be voluntarily given and not the product of duress or coercion, express or implied. There is no easy test for determining whether consent was voluntarily given; rather, it is a question of fact to be determined from the totality of all the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *State v. Harwood, supra; State v. Gonzales,* 92 Idaho 152, 438 P.2d 897 (1968); *State v. Haggard,* 89 Idaho 217, 404 P.2d 580 (1965). The burden is on the state to prove that the consent was freely and voluntarily given and, although the state need not prove that the defendant knew or was advised of his right to refuse, mere submission to claimed authority does not constitute voluntary consent. *Schneckloth v. Bustamonte, supra; Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *State v. Hardwood, supra; State v. Gonzales, supra; State v. Oldham,* 92 Idaho 124, 438 P.2d 275 (1968). In this case the defendant did not openly object to the searches, but Officer Richard told the defendant immediately prior to the search of the defendant's person that he "could search his person and the interior of the car." Moreover, the officer chose to proceed with a search of the interior of the car despite the defendant's request for a search warrant. After hearing the testimony of Officer Richard and the defendant, the district court found that the state had not shown that the defendant voluntarily consented to the searches. Though the evidence is equivocal and somewhat in dispute, that finding of fact is one reasonable inference which may be drawn from the record, and thus it will not be disturbed by this Court on appeal. *State v. Hirsch,* 267 Or. 613, 518 P.2d 649 (1974). *See Jones v. State,* 93 Idaho 859, 477 P.2d 101 (1970) (trial court's finding that guilty plea was not coerced); *State v. Snowden,* 79 Idaho 266, 313 P.2d 706 (1957) (trial court's determination of degree of murder and mitigating circumstances following a guilty plea).

The state also argues in its brief that, even in the absence of a valid consent,

the search of the defendant's person and the seizure of the small bag in his pocket was lawful as a search incident to a valid arrest. It is well established that a warrantless search of a suspect's person incident to and following a lawful arrest is not an unreasonable search violative of the Constitution. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *State v. Loyd,* 92 Idaho 20, 435 P.2d 797 (1967); *State v. Conner,* 59 Idaho 695, 89 P.2d 197 (1939). However, the logic of this exception to the warrant requirement requires that the search follow, not precede, the arrest. *Johnson v. United States, supra.* An arrest occurs only after there has been some action or intent evidencing police custody. I.C. §§ 19–601, –602; *State v. Hobson,* 95 Idaho 920, 523 P.2d 523 (1974). The district judge in his oral opinion found that the defendant had not been placed under arrest at the time the officer searched him. Therefore, the district court properly concluded that the search of the defendant's person was not pursuant to a lawful arrest. Thus, even assuming that prior to the search of the defendant there was probable cause for an arrest, the defendant was not in fact arrested prior to the search. There being no arrest, there could be no search incident to a lawful arrest.

The state next argues that even though the detention of the defendant may not have constituted an arrest, it nonetheless was lawful as an investigative stop, and the warrantless search of the defendant was permissible as an incident to the investigative stop. A police officer lacking probable cause to make an arrest may nonetheless approach and detain a person for purposes of investigating possible criminal conduct. To justify such an investigative stop the police officer must be able to point to specific and articulable facts which, together with rational inferences from those facts, reasonably warrant that action. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Allgood,* 98 Idaho 525, 567 P.2d

1276 (1977); *State v. Hobson, supra.* If the officer also has reason to believe that the suspect is armed and presently dangerous, the officer is entitled to "conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him." *Terry v. Ohio, supra,* 392 U.S. at 30, 88 S.Ct. at 1885. *Adams v. Williams, supra.* Assuming, without deciding, that Officer Richard was entitled to make such an investigative stop of the defendant, there is nothing to suggest that the officer considered the defendant armed and dangerous or that the search of the defendant's person was conducted for the purpose of protecting the officer's own safety. As the United States Supreme Court stated in *Adams v. Williams, supra,* "The purpose of this limited search is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear of violence . . . .." 407 U.S. at 146, 92 S.Ct. at 1923. The facts here indicate that this was not a "pat-down" search to protect the police officer, but was a search to discover evidence. The officer, by placing his hands inside the defendant's pockets, exceeded the limited scope of the search permitted incident to an investigative stop.

The state also argues that the officer had probable cause to believe that there was contraband in the car and therefore was entitled to conduct a warrantless search of the car's interior, even in the absence of a voluntary consent. In essence the state argues that the officer's observation of the two handrolled cigarettes was lawful under the plain view doctrine, and that this observation, together with the odor of marijuana previously detected, provided probable cause to believe that the handrolled cigarettes were contraband. The state argues that the officer was therefore justified in entering the car to retrieve the contraband and in searching the interior of the car to insure that he recovered all of it.

 The two handrolled cigarettes in the car's ashtray were in plain view and the officer's observation of them, even though facilitated by a flashlight, was not a search

in violation of the defendant's constitutional rights. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *State v. Loyd,* 92 Idaho 20, 435 P.2d 797 (1967). *See also State v. Allgood, supra.* Such observation, therefore, could properly be one of the factors forming the basis for probable cause justifying the issuance of a search warrant. However, even though based on the observation of objects in plain view, probable cause to believe that contraband is inside the car does not justify the warrantless search of the interior of that car absent exigent circumstances. *State v. Schur,* 217 Kan. 741, 538 P.2d 689 (1975); *see United States v. Chadwick, supra; Coolidge v. New Hampshire, supra; State v. Miles,* 97 Idaho 396, 545 P.2d 484 (1976); *People v. White,* 392 Mich. 404, 221 N.W.2d 357 (1974); *Stoddard v. State,* 475 S.W.2d 744 (Tex.Crim.App.1972). The state, at oral argument, conceded that there was nothing in the record of this case suggesting any exigent circumstances, other than the mere presence of the car in a parking lot near a public street, and acknowledged that under our decision in *State v. Miles, supra,* there has not been a showing of exigent circumstances sufficient to avoid the warrant requirement on that basis.

We conclude, therefore, that the searches of the defendant and the interior of his car do not fall within any of the narrow exceptions to the warrant requirement, and therefore affirm the district court's decision. Judgment affirmed.

McFADDEN, C. J., and DONALDSON and BISTLINE, JJ., concur.

SHEPARD, J., dissents without opinion.