610 P.2d 515

STATE of Idaho, Plaintiff-Respondent,

v.

Bernard Lamonte CHRISTOFFERSON,
Defendant-Appellant.

STATE of Idaho, Plaintiff-Respondent,

v.

Clayton Francis BAGLEY,
Defendant-Appellant.

Nos. 13206, 13210.

Supreme Court of Idaho.

March 3, 1980.

Ronald L. Swafford, of Swafford & Stucki, Idaho Falls, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Howard Carsman, Deputy Attys. Gen., Boise, for plaintiff-respondent.

DONALDSON, Chief Justice.

Defendants Bernard Christofferson and Clayton Bagley were charged with the robbery of a Safeway Grocery Store in Idaho Falls, Idaho, on April 4, 1978. Following a consolidated trial, the jury returned guilty verdicts against both men on the robbery charge, and judgments of conviction were entered by the district court. Both men were sentenced to the Idaho State Penitentiary following presentencing investigations.

Defendants appeal their convictions, contending that incriminating evidence obtained in the search of their residence should have been excluded at a pretrial suppression hearing. Defendants assert that their consent to a warrantless search of their premises by police officers was, in fact, involuntary, having been obtained by coercion, fraud and trickery. We affirm the convictions of both defendants.

Testimony at the suppression hearing was conflicting on certain issues, but was consistent as to the following facts. The police were investigating an armed robbery of a Safeway Store on April 4, and arrived at defendants' trailer home on April 5 at approximately 10:30 a. m. The police were invited in by Christofferson, identified themselves as police officers and gave the defendants their *Miranda* warnings. Defendants were told that the officers were investigating the Safeway robbery of the previous day. When asked whether either of them had any guns, one or both of the defendants replied affirmatively and Christofferson went to one of the bedrooms, obtained a shotgun and voluntarily showed it to the officers. Officer Hagen then told the defendants he would like to search the

premises. The witnesses did not agree as to exactly what was said, but the defendants apparently believed that a search warrant was on its way, or that the police would wait for a search warrant. Officer Hagen had, in fact, misrepresented the existence of a warrant to the defendants.

Defendants testified that the officers threatened them with a more thorough search of the premises if they were forced to wait for the warrant and that the officers would make favorable comments to the judge if they cooperated. Believing that a refusal to give consent to the search would be futile because they believed a deputy was on his way with a search warrant, the defendants consented to the search.

Officer Stech testified that he approached Christofferson and told him that the officers would not charge the defendants with any drug violations. Both defendants were concerned about the discovery of their marijuana plants in their residence. After being told that the officers would not press charges on any drug violations, Christofferson consented to the search. Incriminating evidence which linked the defendants to the robbery was subsequently found.

At the suppression hearing the trial court found: (1) that the officers had used some deception, but that it was not coercive in nature; (2) that statements relating to the search warrant were not the factor which caused defendants to give consent; (3) that defendants knew they could refuse consent; (4) that defendants were relieved when they learned they would not be facing drug charges; (5) that this relief was the factor which caused defendants to give their consent; (6) that neither officer had made any statement to the defendants that if they did not consent the officers would just wait for the search warrant. Based on the totality of the circumstances the court found the consent of the defendants to have been voluntary and it denied defendants' motion to suppress.

Appellants' primary issue on appeal is that the evidence and confessions seized are inadmissible because defendants' consent to

the warrantless search was based on a false statement by Officer Hagen that a search warrant was on its way. In effect, appellants request this Court to rule as a matter of law that *any* false statement by a police officer to an accused invalidates the consent of the accused to a search. This we decline to do.

We believe the better approach to be that taken by the United States Supreme Court in *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), which held that an accused's consent to a warrantless search was to be based upon a "totality of the circumstances" test, 412 U.S. at 248–49, 93 S.Ct. at 2058–2059, 36 L.Ed.2d at 875–876. Indeed, this test has been adopted by our courts as well. *State v. Post*, 98 Idaho 834, 837, 573 P.2d 153, 156 (1978).

The trial court applied this test to the case at bar and held that the issue was not whether there had been deception on the part of the officers, but rather, whether the deception was coercive in nature. It properly held that a misrepresentation by police officers will not invalidate a consent if the record otherwise shows the consent to be voluntary. Here, the record reveals that the police promised the defendants they would not be charged with any drug offenses; rather, the police were only interested in information relating to the robbery offense. Upon being told they would not face drug charges, Christofferson appeared relieved and consented to the search. This, the trial court held, constituted a separate grounds for voluntary consent. We agree with the trial court.

Other courts, in using the "totality of the circumstances" test, have held the defendant's consent to be voluntary in cases where the police told the defendants that a search warrant was on its way. In *United States v. Culp*, 472 F.2d 459 (8th Cir. 1973), the accused's consent was deemed voluntary because the "independent basis" for Culp's consent was the police officer's reassurance that the police and courts would go easy on his wife. 472 F.2d at 462. Similarly, Christofferson's relief upon being informed that he and Bagley would not face drug charges

**158**

was the independent basis for the giving of consent, as the trial court so held. Such consent must be regarded as voluntary under a "totality of the circumstances" approach.

Appellants' reliance on *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) is misplaced. In *Bumper*, the police misrepresented that they had a valid search warrant with them, and consent to the search was premised on this false statement. In the present case, the trial court found that the officers did not state that they had a warrant with them. Rather, defendants believed the police would wait until a warrant arrived or that a warrant was on its way. The officers never conditioned their use of a warrant on a refusal by the defendants to consent. Further, both federal and state courts have held that a statement by the police that a warrant is on its way does not create an atmosphere of coercion which invalidates the accused's consent. *United States v. Tortorello*, 533 F.2d 809, 814–15 (2d Cir. 1976); *United States v. Faruolo*, 506 F.2d 490, 493–94 (2d Cir. 1974); *United States v. Agosto*, 502 F.2d 612, 614 (9th Cir. 1974); *United States v. Culp, supra; United States v. Curiale*, 414 F.2d 744, 747 (2d Cir. 1969); *People v. Ward*, 27 Cal.App.3d 218, 103 Cal. Rptr. 671, 675–76 (1972); *People v. Reyes*, 174 Colo. 377, 483 P.2d 1342, 1343–44 (1971); *State v. Rathburn*, 195 Neb. 485, 239 N.W.2d 253, 256 (1976); *Mares v. State*, 500 P.2d 530, 534, n. 1 (Wyo.1972). Thus, the trial court's finding that defendants consented to the search voluntarily is affirmed.

■ Appellants also ask this Court for a ruling that, in all criminal cases involving search and seizure, the defendant be advised by the police of his right to refuse consent to the search. Appellants assert that they were not advised of their right to refuse consent and that such lack of knowledge should negate the "voluntariness" of their consent. We decline to adopt such an express rule requiring that the defendant be advised of his right to refuse consent to a warrantless search.

In *Schneckloth*, the United States Supreme Court expressly rejected the proposition that the accused must be advised of his *right to refuse* consent. 412 U.S. at 231, 93 S.Ct. at 2049, 36 L.Ed.2d at 865. Most federal courts have also adhered to this position. *United States v. Matlock*, 415 U.S. 164, 167, n. 2, 94 S.Ct. 988, 991, n. 2, 39 L.Ed.2d 242, 247, n. 2 (1974); *United States v. Stanley*, 597 F.2d 866, 869 (4th Cir. 1979); *United States v. Stevens*, 595 F.2d 569, 571 (10th Cir. 1979); *United States v. Scott*, 590 F.2d 531, 534 (3d Cir. 1979); *United States v. Townsend*, 510 F.2d 1145 (9th Cir. 1975); *Hayes v. Cady*, 500 F.2d 1212, 1214 (7th Cir. 1974), *cert. denied*, 419 U.S. 1058, 95 S.Ct. 642, 42 L.Ed.2d 655 (1974); *United States v. Cage*, 494 F.2d 740, 742 (10th Cir. 1974). This Court has also adopted the federal position, *State v. Post, supra*, 98 Idaho at 837, 573 P.2d at 156; Id. Const. art. 1, § 17. We decline to reverse our position on this issue.

Since the trial court's findings were supported by substantial evidence, we will not disturb them on appeal. *State v. Post, supra*, 98 Idaho at 837, 537 P.2d at 156. The convictions are hereby affirmed.

SHEPARD, BAKES, McFADDEN and BISTLINE, JJ., concur.