THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEPHEN M. YURUCKSO, Respondent. [746 NYS2d 33]

The hearing court found that the defendant's consent for detectives to search his home computer for child pornography was coerced because the detectives threatened that if he did not consent, they would obtain a search warrant and also would seize his computer at his place of employment. We disagree.

Based upon the circumstances of the detectives' interview with the defendant in his own living room, including the defendant's maturity, education, employment status, his apparent willingness to cooperate, and the calm and noncoercive context of the interview, we find that the defendant's consent was voluntary (*see People v Gonzalez,* 39 NY2d 122). The explanation by the detectives of the likely future course of the investigation if the defendant refused to consent, including the issuance of a warrant to obtain access to the defendant's work computer, does not render the consent invalid, since the detectives in no way deceived or misled him (*see People v LaDuke,* 206 AD2d 859; *see also United States v Palacios,* 1995 WL 328390 [5th Cir (Tex), June 1, 1995]; *United States v Kaplan,* 895 F2d 618; *United States v Iglesias,* 881 F2d 1519, *cert denied* 493 US 1088; *United States v Calvente,* 722 F2d 1019, *cert denied* 471 US 1021; *United States v Tortorello,* 533 F2d 809,

*cert denied* 429 US 894; *United States v Faruolo,* 506 F2d 490; *United States ex rel. Gockley v Myers,* 378 F2d 398, 399; *Mares v Wyoming,* 500 P2d 530, 534 n 1 [Wyo]; *Montana v Yoss,* 146 Mont 508, 514, 409 P2d 452; *People v Reyes,* 174 Colo 377, 381, 483 P2d 1342; *Idaho v Christofferson,* 101 Idaho 156, 610 P2d 515; *Nebraska v Rathburn,* 195 Neb 485, 239 NW2d 253; *People v Ward,* 27 Cal App 3d 218, 103 Cal Rptr 671; *Washington v Lyons,* 76 Wash 2d 343, 458 P2d 30). The defendant's consent was the product of his knowing and intelligent decision to accept the consequences of a consent search of his home computer rather than face the consequences of a wider search pursuant to a warrant that would encompass his computer at work. Ritter, J.P., Feuerstein, Smith and Adams, JJ., concur.