# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEILON VIDAL SANDERS, also known as Bird,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-295-18

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Keilon Vidal Sanders appeals his conviction for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. The plea agreement contained an appeal waiver in which he waived the right to appeal his conviction and sentence; he retained the right to appeal a sentence exceeding the statutory maximum term or an arithmetic error, to challenge the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

voluntariness of his plea or appeal waiver, and to bring a claim of ineffective assistance of counsel.

Sanders asserts that he would not have entered a guilty plea "absen[t] the erroneous advice of his trial counsel" and that trial counsel erroneously advised him as to the mandatory minimum sentence. To the extent that he seeks to raise a claim of ineffective assistance of counsel, the record is not sufficiently developed to allow fair consideration of his claims, and, therefore, we decline to consider them without prejudice to any right that Sanders has to assert them on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Additionally, Sanders argues that the district court erred by denying his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 because he was legally innocent, and filed a motion to supplement the record on appeal to show that his Rule 29 motion was timely. He argues that the district court erred by denying his motion to correct his sentence under Federal Rule of Criminal Procedure 35 and challenges the court's territorial jurisdiction. Sanders challenges the district court's drug quantity finding and also argues that the district court failed to rule on his PSR objections. The record, however, shows that the appeal waiver was knowing and voluntary, making it enforceable. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). These issues are barred by the appeal waiver, as they do not challenge a sentence exceeding the statutory maximum, an arithmetic error, the voluntariness of his plea, or the effectiveness of trial counsel. *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014); *Bond*, 414 F.3d at 544.

Finally, Sanders argues that he should have been permitted to withdraw his guilty plea because he is legally innocent. Because the district court accepted his guilty plea, Sanders had no absolute right to withdraw it. *See*

No. 17-10354

FED. R. CRIM. P. 11(d)(1); *compare United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008). However, a district court may permit withdrawal before sentencing if the defendant presents a "fair and just reason." FED. R. CRIM. P. 11(d)(2)(B). "A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

When deciding whether the defendant has shown a fair and just reason to withdraw the plea, courts consider whether (1) the defendant asserted his innocence, (2) withdrawal would prejudice the Government, (3) the defendant delayed in filing the motion, (4) withdrawal substantially inconveniences the court, (5) close assistance of counsel was available, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). It is the defendant's burden to establish a fair and just reason for withdrawal. *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

Although Sanders argues that he is legally innocent based on issues of jurisdiction and venue, by agreeing to the factual resume supporting his guilty plea, Sanders admitted that in "the Northern District of Texas" he had conspired and agreed "to possess with the intent to distribute 1,000 kilograms or more of marijuana," which is sufficient to support jurisdiction and venue in the Northern District of Texas. *See United States v. Luton*, 486 F.2d 1021, 1022 (5th Cir. 1973). Sanders has failed to demonstrate legal innocence. *See id.* With regard to the sixth factor, Sanders has failed to show that his plea was involuntary or that the district court committed error, plain or otherwise, in accepting his plea. Given this court's prior determination that his plea was knowing and voluntary and given that he has failed to demonstrate legal innocence, which was his basis for withdrawing his plea, he has not shown that

3

the district court erred by denying his motion to withdraw.  *See Carr*, 740 F.2d at 344; *see also United States v. Sanders*, 843 F.3d 1050, 1055 (5th Cir. 2016).

In light of the foregoing, the district court's judgment is AFFIRMED. Sanders's motions to supplement the record and for judicial notice are DENIED.